MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

HITLER CALLE, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

PIZZA PALACE CAFE LLC (D/B/A PIZZA PALACE CAFE), SASHA ISHAQOV, YURI ISHAQOV, and VLADY DJOURAEV,

                *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Hitler Calle ("Plaintiff Calle" or "Mr. Calle"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Pizza Palace Cafe LLC (d/b/a Pizza Palace Cafe), ("Defendant Corporation"), Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Calle is a former employee of Defendants Pizza Palace Cafe LLC (d/b/a Pizza Palace Cafe), Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev.

2. Defendants own, operate, or control a pizzeria, located at 63-60 108th St., Forest Hills, New York 11375 under the name "Pizza Palace Cafe".

3. Upon information and belief, individual Defendants Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the pizzeria as a joint or unified enterprise.

4. Plaintiff Calle was employed as a pizza maker at the pizzeria located at 63-60 108th St., Forest Hills, New York 11375.

5. At all times relevant to this Complaint, Plaintiff Calle worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6. Rather Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Calle appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Calle the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Calle to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Calle now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of

Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Calle seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Calle's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria located in this district. Further, Plaintiff Calle was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Hitler Calle ("Plaintiff Calle" or "Mr. Calle") is an adult individual residing in Queens County, New York.

15. Plaintiff Calle was employed by Defendants at Pizza Palace from approximately January 2017 until on or about March 17, 2020.

16. Plaintiff Calle consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a pizzeria, located at 63-60 108th St., Forest Hills, New York 11375 under the name "Pizza Palace Cafe".

18. Upon information and belief, Pizza Palace Cafe LLC (d/b/a Pizza Palace Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 63-60 108th St., Forest Hills, New York 11375.

19. Defendant Sasha Ishaqov is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sasha Ishaqov is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sasha Ishaqov possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Yuri Ishaqov is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yuri Ishaqov is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yuri Ishaqov possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Vlady Djouraev is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vlady Djouraev is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vlady Djouraev possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calle, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a pizzeria located in the Forest Hills section of Queens.

23. Individual Defendants, Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Calle's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Calle, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Calle (and all similarly situated employees) and are Plaintiff Calle's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Calle and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Calle's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Calle,

controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Calle's services.

30. In each year from January 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the pizzeria on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Calle is a former employee of Defendants who was employed as a pizza maker.

33. Plaintiff Calle seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hitler Calle*

34. Plaintiff Calle was employed by Defendants from approximately January 2017 until on or about March 17, 2020.

35. Defendants employed Plaintiff Calle as a pizza maker.

36. Plaintiff Calle regularly handled goods in interstate commerce, such as mozzarella cheese and other supplies produced outside the State of New York.

37. Plaintiff Calle's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Calle regularly worked in excess of 40 hours per week.

39. From approximately May through October in the years 2017, 2018 and 2019, Plaintiff Calle worked from approximately 12:00 p.m. until on or about 10:00 p.m., on Mondays, from approximately 12:00 p.m. until on or about 10:00 p.m., Tuesdays, Wednesdays, and Thursdays, from approximately 9:00 a.m. until on or about 5:00 p.m., on Fridays, and from approximately 11:00 a.m. until on or about 10:00 p.m., on Sundays (typically 59 hours per week).

40. From approximately November through April inf the years 2017, 2018, 2019 and 2020 , Plaintiff Calle worked from approximately 12:00 p.m. until on or about 10:00 p.m., on Mondays, from approximately 12:00 p.m. until on or about 10:00 p.m., Tuesdays, Wednesdays and Thursdays, from approximately 9:00 a.m. until on or about 2:00 p.m., on Fridays, and from approximately 11:00 a.m. until on or about 10:00 p.m., on Sundays (typically 56 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Calle his wages in cash. From approximately May through October in the years 2017, 2018 and 2019, Defendants paid Plaintiff Calle a fixed salary of $930 per week. From approximately November through April inf the years 2017, 2018, 2019 and 2020, Defendants paid Plaintiff Calle a fixed salary of $910 per week.

42. For approximately one month and two weeks, Defendants did not pay Plaintiff Calle any wages for his work.

43. Plaintiff Calle was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

44. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calle regarding overtime and wages under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Calle an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Calle, in English and in Spanish (Plaintiff Calle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47. Defendants required Plaintiff Calle to purchase "tools of the trade" with his own funds—including uniform shirts, shoes, pants, and a hairnet.

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calle (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

49. Plaintiff Calle was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Defendants paid Plaintiff Calle his wages in cash.

52. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Calle (and similarly situated individuals) worked, and to avoid paying Plaintiff Calle properly for his full hours worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Calle and other similarly situated former workers.

56. Defendants failed to provide Plaintiff Calle and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants failed to provide Plaintiff Calle and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

58. Plaintiff Calle brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59. At all relevant times, Plaintiff Calle and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

60. The claims of Plaintiff Calle stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Calle's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Calle (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Calle (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66. Defendants' failure to pay Plaintiff Calle (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff Calle (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

68. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Calle overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Calle overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71. Plaintiff Calle was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

72. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants failed to pay Plaintiff Calle one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Calle's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

74. Defendants' failure to pay Plaintiff Calle an additional hour's pay for each day Plaintiff Calle's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

75. Plaintiff Calle was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Calle with a written notice, in English and in Spanish (Plaintiff Calle's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

79. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

80. With each payment of wages, Defendants failed to provide Plaintiff Calle with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Calle in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

82. Plaintiff Calle repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants required Plaintiff Calle to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

84. Plaintiff Calle was damaged in an amount to be determined at trial.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Calle respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Calle and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Calle's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Calle and the FLSA Class members;

(e) Awarding Plaintiff Calle and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Calle and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Calle;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Calle;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Calle's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Calle;

(k) Awarding Plaintiff Calle damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l) Awarding Plaintiff Calle damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Calle liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Calle and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Calle and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Calle demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

December 22, 2020

                                MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*