# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

HITLER CALLE, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

PIZZA PALACE CAFÉ LLC (D/B/A PIZZA PALSCE), SASHA ISHAQOV, YURI ISHAQOV, and VLADY DJOURAEV,

*Defendants.*

---

**Case No.: 1:20-cv-4178**

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintifsf*

Plaintiffs HITLER CALLE ("Plaintiff"), by his attorneys MICHAEL FAILLACE & ASSOCIATES, P.C., respectfully submits this memorandum of law in support of their motion for default judgment against Defendants

## STATEMENT OF FACTS

Plaintiffs and counsel rely on the facts as stated in the declaration of Hitler Calle submitted in support of Plaintiffs' motion for a default judgment ("Calle Dec."). Docket No. 39-2, the declaration of Michael Faillace, Esq.. ("Faillace Dec."), Docket No. 39, and the docket in this action.[1] Counsel will reference the same in the forthcoming legal argument where necessary and, fore the sake of economy, will not recite the aforesaid in whole here.

## ARGUMENT

I.    PLAINTIFFS ARE ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted). Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits (declarations) and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234

---

[1] The exhibits attached to the Faillace Dec. shall hereinafter be styled as "**Ex. ____**."

(2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiffs have put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $231,817.88, plus attorneys' fees.

    a. <u>Plaintiffs are Entitled to Recover Unpaid Overtime Wages</u>

The FLSA provides that non-exempt employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004).

In the instant case, Plaintiff was paid a fixed weekly salary. ECF Doc No. 1, ¶ 41. Under these circumstances, in order to calculate back pay, an effective hourly rate must be determined. Pursuant to the FLSA, a fixed weekly salary is presumed to cover a forty-hour workweek and thus, where a defendant is in default and offers nothing to rebut this presumption, an employee's

2

effective hourly rate is calculated by dividing the fixed salary by forty. *Rosendo v Everbrighten Inc.*, 2015 US Dist LEXIS 50323, at *10 (SDNY 2015).

Under New York Labor Law, employees in hotels and restaurants in New York State must be paid on an hourly basis. 12 NYCRR § 146-2.5. Where, as in this case, an employer pays a restaurant worker a weekly salary, the Plaintiff's effective regular rate is determined by dividing his weekly salary by forty. 12 NYCRR. § 146-3.5.

Thus, to determine the Plaintiffs' unpaid overtime under either the FLSA or NYLL, Plaintiffs' regular rate is determined by dividing his weekly salary by 40 hours. His overtime rate is then calculated by multiplying his regular rate times 1.5. His unpaid overtime is then calculated by multiplying his hours worked up to forty by his regular rate, multiplying his overtime rate by his hours worked over forty, and then subtracting his actual pay from the sum of these two figures. Plaintiff are owed $95,491.88 in unpaid minimum and overtime wages. See Ex. A.

  b. <u>Plaintiff is Entitled to Spread of Hours Pay</u>

Plaintiff is also entitled to "spread-of-hours pay under New York spread-of-hours regulation, which requires employers to pay restaurant workers for an additional hour of minimum wage pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; *Angamarcha v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012). This requirement attaches to all workers in the hospitality industry regardless of whether their regular hourly rate was below minimum wage. 12 N.Y.C.R.R. § 146-1.6(d). As set forth in the Complaint, Plaintiff worked more than ten hours per day approximately one day per week. Plaintiff is therefore entitled to spread of hours pay in the amount of $2,154.00 with liquidated damages of the same, $2,254.00. Ex. A.

  c. <u>Statute of Limitations Under the FLSA and NYLL</u>

3

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions are still willful because the Defendants failed to investigate whether their compensation policy was legal. *See Hardrick*, 63 F. Supp. 2d at 904. Moreover, the Defendants failed to post the required information concerning the minimum wage laws, paid Plaintiff in cash, and had no system for recording his hours. Calle Dec. ¶¶ 10, 12, 14. This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A

4

failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages")(internal quotations omitted).

As Plaintiff can establish that Defendants' violations of the FLSA were willful, they are entitled to a three-year limitations period under the FLSA, *i.e.*, starting from November 23, 2017, which is three years from the time the complaint was filed. *See, e.g.*, *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from September 8, 2014, six years from the filing date.

    d. <u>Plaintiffs are Entitled to Liquidated Damages</u>

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Their very default is in itself a sign of not only the absence of good faith, but a showing of bad faith and an unfruitful attempt to avoid their responsibilities under the law. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. N.Y. Lab. Law § 663(1).

Plaintiffs are therefore entitled to liquidated damages in the amount of $95,491.88 for minimum and overtime wage violations. *See Id.*

### e. Plaintiff is Entitled to Damages for Violations of Wage Notice and Statement Requirements

Defendants never provided Plaintiff with wage noticed at the start of their employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

### f. Plaintiff is Entitled to Damages for "Tools of the Trade he was required to purchase with his own funds

Federal regulations provide that where an employee "…must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 CFR § 531.35. As the Plaintiff was not paid overtime wages, as set forth above, the tools he purchased would have necessarily cut into his overtime wages. The Plaintiff was required to purchase uniforms and hairnets out of his own funds in order to work for the Defendants and states that he spent a total of $308.00 on these items. Calle Dec. ¶ 15. Plaintiff is therefore entitled to recoup $308.00 for these purchases from the Defendants.

g. <u>Attorneys' Fees and Costs</u>

The FLSA and New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs. The attorneys' fees and costs total $3,581.80, including a filing fee of $400.00 and fees associated with serving the defendants with the summons and complaint for a total of $699.20 in costs.

A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached to the Faillace Declaration as Ex. C.

h. <u>Additional Damages</u>

Plaintiffs are also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of 9% per annum.

Plaintiffs also request that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## **CONCLUSION**

Based on the foregoing, and the accompanying declarations, Plaintiffs should be granted default judgment against the Defendants.

Dated: New York, New York
July 21, 2021

/s_____
Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
michael@faillacelaw.com
*Attorneys for Plaintiffs*