# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 21, 2023

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. LaShann DeArcy Hall, U.S.D.J.
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, NY 11201-1804

      *Re:*    <u>**Calle v. Pizza Palace Cafe LLC**, *et al.*</u>
            <u>**Case No.: 1:20-cv-4178 (LDH) (LB)**</u>

Dear Judge Hall:

      This office represents the Defendants Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev (hereinafter the "Individual Defendants") in the above-referenced case. Defendants write, with Plaintiff's consent, to respectfully request that this Court vacate the default judgment entered in this case on January 31, 2022 pursuant to Rule 60 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and for an extension of time until Friday, January 19, 2024 to respond to the complaint in this case pursuant to Rule 6. The parties also jointly request a mediation referral Order pursuant to Local Civil Rule 83.8 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rules" or "LCR").

### **<u>This Court Should Vacate the Default Judgment</u>**

      Rule 60 provides that, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding because of mistake, inadvertence, surprise, or excusable neglect. <u>See</u> Fed. R. Civ. P. 60(b)(1). In this case, the Individual Defendants aver that they were never properly served and had no knowledge of this case until judgment enforcement action was taken less than two (2) weeks ago. Upon learning of this suit, your undersigned was retained and contacted Plaintiff. While Plaintiff maintains that service in this case was proper, in order to avoid motion practice, the parties have entered into the annexed stipulation vacating the default judgment, among other things. Based on the foregoing, it is respectfully submitted that this Court should "so Order" the stipulation.

### **<u>This Court Should Exercise its Discretion in Favor of Extending Defendants' Time to Answer</u>**

      Consistent with Section I(E) of this Court's Individual Practices, the Individual Defendants submit that:

            (a) the original deadline to respond to the complaint has long ago expired in or about October 2020;

(b) an extension of time is necessary because the Individual Defendants' position is that they were never properly served and now wish to defend this case on the merits upon learning of the existence of this case;

(c-d) there have no previous requests for an extension of time to respond to the Plaintiff's complaint;

(e) Plaintiff consents to the instant requested extension, as is evidenced by the attached executed stipulation; and

(f) The Individual Defendants are unaware of any other scheduled dates affected by the requested extension of time.

Accordingly, the Individual Defendants respectfully submit that there is good cause and excusable neglect for this Court to exercise its discretion in favor of granting the requested extension of time. See Fed. R. Civ. P. 6(b)(1)(B).

**This Court Should Enter a Mediation Referral Order**

The parties jointly request a mediation referral Order pursuant to Local Civil Rule 83.8. Rule 1 requires the court and the parties to construe, administer, and employ the Rules to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1. Moving forward with litigation in this case will be costly and time-consuming. Accordingly, this Court should grant the parties' joint request such that they may work towards resolving this case, especially in light of the fact that the Individual Defendants have not been involved in the business that employed the Plaintiff for over two (2) years.

The Individual Defendants thank this Court for its time and attention in this case.

Dated: Lake Success, New York
November 21, 2023              Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

  /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants
Sasha Ishaqov,
Yuri Ishaqov, and
Vlady Djouraev*

**VIA ECF**
**CSM LEGAL, P.C.**
Attn: Jesse Barton and Mary Bianco, Esqs.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
(212) 317-1200 (office)
(212) 317-1200 (facsimile)
jbarton@csm-legal.com
mary@csm-legal.com

*Attorneys for Plaintiff*
*Hitler Calle*