UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HITLER CALLE,

                              **Case No.: 1:20-cv-4178 (LDH) (LB)**

                Plaintiff,

       -against-

PIZZA PALACE CAFÉ LLC (d/b/a PIZZA PALACE),
SASHA ISHAQOV, YURI ISHAQOV, and VLADY
DJOURAEV,

                     Defendants.
-----------------------------------------------------------------X

**DEFENDANTS SASHA ISHAQOV, YURI ISHAQOV, AND VLADY DJOURAEV'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE HON.
LOIS BLOOM, U.S.M.J.'S DECEMBER 20, 2023 REPORT & RECOMMENDATION
<u>DENYING THEIR CONSENT MOTION TO VACATE THE DEFAULT JUDGMENT</u>**

Dated:  Lake Success, New York
        January 10, 2024

                                  **MILMAN LABUDA LAW GROUP PLLC**
                                  Emanuel Kataev, Esq.
                                  David Aminov, Esq.
                                  3000 Marcus Avenue, Suite 3W8
                                  Lake Success, NY 11042-1073
                                  (516) 328-8899 (office)
                                  (516) 328-0082 (facsimile)
                                  emanuel@mllaborlaw.com
                                  daminov@mllaborlaw.com

                                  *Attorneys for Defendants*
                                  *Sasha Ishaqov,*
                                  *Yuri Ishaqov, and*
                                  *Vlady Djouraev*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

FACTS ..................................................................................................................3

STANDARD OF REVIEW ...................................................................................5

ARGUMENT ........................................................................................................7

   I.   THE STANDARD TO VACATE A DEFAULT JUDGMENT ..............................7

   II.  THE DEFAULT JUDGMENT MUST BE VACATED AS THE INDIVIDUAL DEFENDANTS WERE NEVER PROPERLY SERVED ....................................11

   III. COURTS HAVE DISCRETION TO CONSTRUE MOTIONS BY ATTORNEYS ................................................................................................14

   IV. PARTIES MAY STIPULATE TO VACATE DEFAULT JUDGMENTS ..........16

CONCLUSION ...................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

Adv. Analytics, Inc. v. Citigroup Glob. Markets, Inc.,
  No. 04-CIV-3531 (LTS) (SLC), 2023 WL 7167880 (S.D.N.Y. Oct. 31, 2023)...............15

Adv. Analytics, Inc. v. Citigroup Glob. Markets, Inc.,
  No. 04-CIV-3531 (LTS) (SLC), 2023 WL 8112804 (S.D.N.Y. Nov. 21, 2023).............15

Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc.,
  8 F. Supp. 2d 372 (S.D.N.Y. 1998) ....................................................................................9

Assets Recovery 23, LLC v. Gasper,
  No. 15-CV-5049, 2018 WL 5849763 (E.D.N.Y. Sept. 11, 2018) ...................................12

Badian v. BrandAid Communs. Corp.,
  2004 U.S. Dist. LEXIS 17404, 2004 WL 1933573 (S.D.N.Y. Aug. 30, 2004).................7

Burda Media, Inc. v. Viertel,
  417 F.3d 292 (2d Cir. 2005)...............................................................................................9

Carling v. Peters,
  760 F. Supp. 2d 400 (S.D.N.Y. 2011).................................................................................6

China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash,
  No. 96-CIV.-9553 (PKL), 1999 WL 126921 (S.D.N.Y. Mar. 9, 1999) ....................11, 13

City of New York v. Mickalis Pawn Shop, LLC,
  645 F.3d 114 (2d Cir. 2011)........................................................................................10-11

Cody v. Mello,
  59 F.3d 13 (2d Cir. 1995)............................................................................................... 7, 8

Crawford v. Nails on 7th by Jenny Inc.,
  2020 WL 564059 (S.D.N.Y. Feb. 5, 2020)......................................................................11

Cruz v. Colvin,
  No. 13-CV-1267, 2014 WL 5089580 (S.D.N.Y. Sept. 25, 2014)......................................7

Davis v. Musler,
  713 F.2d 907 (2d Cir. 1983)............................................................................................10

Grace v. Bank Leumi Tr. Co. of N.Y.,
  443 F.3d 180 (2d Cir. 2006)...............................................................................................9

Giurca v. Montefiore Health System, Inc.,
    No. 18-CIV.-11505 (ER) (BCM), 2023 WL 9102694 (S.D.N.Y. Dec. 21, 2023)........... 14

Gunnells v. Teutul,
    469 F. Supp. 3d 100 (S.D.N.Y. 2020)............................................................................. 10

In re First Connecticut Consulting Group, Inc.,
    No. 02-50852 (JJT), 2023 WL 2752489 (Bankr. D. Conn. Mar. 31, 2023) .................... 15

JLM Couture, Inc. v. Gutman,
    No. 20 CV 10575-LTS-SLC, 2023 WL 3061924 (S.D.N.Y. Apr. 24, 2023) .................. 15

Johnson v. N.Y. Univ.,
    800 Fed. Appx. 18 (2d Cir. 2020) ................................................................................... 7

Joseph v. Korn,
    No. 19-CV-7147, 2021 WL 912163 (E.D.N.Y. Mar. 9, 2021)......................................... 7

Kew v. Town of Northfield, VT,
    No. 5:19-CV-78, 2023 WL 6050389 (D. Vt. July 10, 2023)........................................... 15

LaBoy v. Off. Equip. & Supply Corp.,
    No. 15-CIV.-3321 (RA) (AJP), 2017 WL 6501878 (S.D.N.Y. Apr. 10, 2017)............... 16

Lin v. Grand Sichuan 74 St. Inc.,
    No. 15-CV-2950 (RA), 2022 WL 195605 (S.D.N.Y. Jan. 21, 2022) .......................... 9, 10

Logan v. World Luxury Cars, Inc.,
    No. 1:15-CIV.-248 (ENV) (PK), 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023) ............... 12

Luxottica Group S.p.A. v. Wafa Ali Inc.,
    No. 19-CIV.-6582-FPG, 2023 WL 6377332 (W.D.N.Y. Sept. 29, 2023) ....................... 12

Mario v. P & C Food Mkts., Inc.,
    313 F.3d 758 (2d Cir. 2002)............................................................................................ 6

Marziliano v. Heckler,
    728 F.2d 151 (2d Cir. 1984)........................................................................................... 10

Melo-Cordero v. Shaddai Transport LLC,
    2023 WL 5016346, at *2 (S.D.N.Y., 2023) ................................................................... 10

Moss v. Colvin,
    845 F.3d 516 (2d Cir. 2017)............................................................................................ 6

Neumade Prods. Corp. v. Smith,
    2001 U.S. Dist. LEXIS 7291, 2001 WL 619341 (S.D.N.Y. June 5, 2001) ...................... 8

New York v. Green,
    420 F.3d 99 (2d Cir. 2005)........................................................................................... 11

NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC,
    No. 20-CIV.-7075 (JPO), 2021 WL 3173173 (S.D.N.Y. July 26, 2021) ........................ 10

O'Hara v. Cohen-Sanchez,
    No. 22-CV-6209, 2023 WL 5979176 (E.D.N.Y. Aug. 28, 2023) ................................... 12

Pecarsky v. Galaxiworld.com Ltd.,
    249 F.3d 167 (2d Cir. 2001)........................................................................................ 10

Raschel v. Rish,
    69 N.Y.2d 694 (1986) ................................................................................................. 13

Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.,
    No. 17-CIV.-5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020)......................... 10

Sartor v. Toussaint,
    70 Fed. Appx. 11 (2d Cir. 2002).................................................................................... 9

SEC v. Mgmt. Dynamics, Inc.,
    515 F.2d 801 (2d Cir. 1975).......................................................................................... 7

SLC Turnberry, Ltd. v. The Am. Golfer, Inc.,
    240 F.R.D. 50 (D. Conn. 2007)..................................................................................... 7

United States v. Romano,
    No. 15-992-CR, 2022 WL 402394 (2d Cir. Feb. 10. 2022)............................................ 6

United Student Aid Funds, Inc. v. Espinosa,
    559 U.S. 260 (2010).................................................................................................. 8, 9

Voice Tele Servs., Inc. v. Zee Telecoms Ltd.,
    338 F.R.D. 200 (S.D.N.Y. 2021) ................................................................................... 9

Wanamaker v. Natl. Data Research, Inc.,
    No. 12-CIV.-154A, 2013 WL 7208644 (W.D.N.Y. Oct. 30, 2013) ................................ 16

Wanamaker v. Natl. Data Research, Inc.,
    No. 12-CV-154-A, 2014 WL 585434 (W.D.N.Y. Feb. 13, 2014).................................... 16

Watson v. Geithner,
    No. 11-CV-9527, 2013 WL 5441748 (S.D.N.Y. Sept. 27, 2013)...................................6-7

William Gottlieb Mgmt. Co v. Carlin,
    No. 20-CIV.-8907, 2022 WL 17822578 (S.D.N.Y. Dec. 20, 2022)...................................9

Wing Chan v. Xifu Food, Inc.,
    No. 18-CV-5445, 2020 WL 5027861 (E.D.N.Y. Aug. 5, 2020) .....................................12

**Statutes**

28 U.S.C. § 636................................................................................................................5, 6, 7

New York Civil Practice Law & Rules § 308..............................................................12

**Rules**

Fed. R. Civ. P. 12 ...............................................................................................................15

Fed. R. Civ. P. 54 ...............................................................................................................15

Fed. R. Civ. P. 56 ...............................................................................................................15

Fed. R. Civ. P. 60........................................................................... 1, 2, 8, 9, 10, 11, 13, 14, 15

Fed. R. Civ. P. 72 ...............................................................................................................6

Local Civil Rule 6.3 ...........................................................................................................15

## PRELIMINARY STATEMENT

On January 31, 2022, a default judgment of $249,731.08 was entered.  The case then remained dormant for almost two (2) years.  In November 2023, Alexander Ishakov ("Mr. Ishakov"), incorrectly sued herein as Sasha Ishaqov, learned from his wife that there was suddenly little to no money in his joint back account with her.  They called their bank to find out what happened, and were advised that there was a restraining notice issued against Mr. Ishakov.  He later received mail from Chase identifying this case, which they provided to undersigned counsel.

As set forth in his declaration, Mr. Ishakov, an owner of the restaurant from approximately June 2017 through approximately April 2021, was not regularly present at the restaurant where the papers were served.  He did not authorize any individual to accept service on his behalf, and was never informed by any "Leoy Doe" or "John Doe" wearing glasses about this lawsuit.  Notably, two of the affidavits of service submitted by Plaintiff refer to a different case altogether.

On November 21, 2023, the individual Defendants Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev (the "Individual Defendants") appeared and filed a consent motion to vacate the default judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and for an extension of time to respond to the complaint until January 19, 2024, together with a joint application for a mediation referral Order.

On December 1, 2023, this Court referred this motion to Judge Bloom, who then set a conference on December 20, 2023.  At the conference, Judge Bloom stated that the Individual Defendants' consent letter motion (the "Motion") to vacate the default judgment was untimely because Rule 60(b)(1) requires an application under same to be made within a year of the January 31, 2022 default judgment.  The Individual Defendants stated at the conference that they submitted they were never properly served and that Rule 60(b)(4) does not have any such time limitation.

Notwithstanding, Judge Bloom held that the Motion would not be liberally construed and that no support was given for a Rule 60(b)(4) motion in any event.

For the reasons set forth below, the Individual Defendants respectfully submit that Judge Bloom's Report & Recommendation (the "R&R")[1] denying the Motion to vacate the default judgment must be set aside, and the Individual Defendants renew their motion pursuant to Rule 60(b)(4) to vacate based on improper service.

It is respectfully submitted that Judge Bloom erred in denying the Motion and abused her discretion on the ground that she refused to construe the motion under Rule 60(b)(4) despite the Individual Defendants' representation, made with the consent of the Plaintiff, that they were not properly served.

As set forth below, this constitutes clear error and an abuse of discretion because courts are permitted to construe motions based on the arguments they raise and no evidence was submitted because Plaintiff consented[2] to the relief sought.

Accordingly, and as more fully explained below, the Individual Defendants respectfully submit that Judge Bloom's R&R must be set aside based on a *de novo* review and because Judge Bloom erred and abused her discretion in denying their consent letter motion to vacate the default judgment.

---

[1] It is annexed as **Exhibit "A"** to the Declaration of Emanuel Kataev, Esq. ("Kataev Decl.").

[2] In fact, when the Individual Defendants sought to include the Declaration of Mr. Ishakov, Plaintiff objected and refused to consent to the Motion absent the removal of the Declaration. See Kataev Decl. ¶ 4, Exhibit ("Ex.") B.

## **FACTS**

This case was commenced on September 8, 2020, at the height of the COVID pandemic against a restaurant and three (3) individual Defendants.  See ECF Docket Entry 1.

Plaintiff purportedly served four (4) copies of the complaint on one "Leoy Doe" at the restaurant on September 23, 2020.  See ECF Docket Entries 7, 8, 9, and 10.  Attached to the affidavits of service is a summons from a completely different case for two of the four summonses. See ECF Docket Entries 7 at 3 and 9 and 3.

Plaintiff then amended his complaint and once more served same on one "John Doe" who identified himself as the co-worker or employee of the "defendant/respondent" on April 1, 2021. See ECF Docket Entries 14, 21, 22, and 23.

On April 15, 2021, Judge Bloom issued a scheduling Order and directed Plaintiff, *inter alia*, to serve a copy of the scheduling Order on "defendant" and file proof of service forthwith. See Text Only Order dated April 15, 2021.  On April 27, 2021, Plaintiff filed an affidavit of service falsely stating that the April 15, 2021 scheduling Order was mailed on *April 7*, 2021.  See ECF Docket Entry 24.  This, obviously, was not possible.

After obtaining a certificate of default on May 7, 2021, Plaintiff moved for a default judgment on May 12, 2021.  See ECF Docket Entries 25, 26, 27, 28, and 29.  On June 23, 2021 Plaintiff filed an *unsworn* "certificate" of service by Fidel Lozano ("Lozano"), who is not an attorney, that the motion for default judgment was served via certified mail at the restaurant's address for all four (4) Defendants on June 12, 2021, over a month later.  See ECF Docket Entry 30.  Notably, no certified mail receipts or tracking numbers were attached or provided.  Id.

The motion was referred to the Hon. Lois Bloom, U.S.M.J. ("Judge Bloom") on May 13, 2021, who ultimately[3] issued a Report & Recommendation granting Plaintiff's motion on January 4, 2022.  See Text Only Order dated May 13, 2021 and ECF Docket Entry 38.

On January 27, 2022, this Court adopted Judge Bloom's Report & Recommendation.  See Text Only Order dated January 27, 2022.  There is no evidence on the docket that either the Report & Recommendation nor the Order Adopting the R&R were served on the Defendants.

On January 31, 2022, the clerk entered judgment by default in the sum of $249,731.08. See ECF Docket Entry 39.

In November 2023, Mr. Ishakov learned from his wife that there was suddenly little to no money in his joint back account with her.  See Declaration of Alexander Ishakov ("Ishakov Decl.") ¶ 8.  Mr. Ishakov and his wife called their bank to find out what happened, and were informed that there was a restraining notice issued against Mr. Ishakov.  Id. at ¶¶ 9-11.  Mr. Ishakov later received mail from Chase identifying this case, which they provided to undersigned counsel.  Id. at ¶¶ 12-13.

Mr. Ishakov, an owner of the restaurant from approximately June 2017 through approximately April 2021, was not regularly present at the restaurant where the papers were served.  Id. at ¶¶ 5-6, 14-15.  He did not authorize any individual to accept service on his behalf, and was never informed by any "Leoy Doe" or "John Doe" wearing glasses about this lawsuit.  Id. at ¶¶ 16-17.  Notably, two of the affidavits of service submitted by Plaintiff refer to a different case altogether.  See ECF Docket Entries 7 at 3 and 9 and 3.

---

[3] Judge Bloom raised deficiencies concerning Plaintiff's motion on July 13, 2021, which Plaintiff corrected on July 21, 2021.  See Text Only Order dated July 13, 2021 and ECF Docket Entry 32. The July 13, 2021 Order was purportedly served by "First Class Mail, Return Receipt Requested" according to a "certificate" of service by Lozano.  See ECF Docket Entry 31.  Again, no certified mail receipts nor tracking numbers were attached or provided.

In light of the foregoing enforcement action against Mr. Ishakov, whereupon they first learned of this case, on November 21, 2023, the individual Defendants Sasha Ishaqov, Yuri Ishaqov, and Vlady Djouraev (the "Individual Defendants") appeared and filed the Motion seeking to vacate the default judgment pursuant to Rule 60 and for an extension of time to respond to the complaint until January 19, 2024, both on consent, together with a joint application for a mediation referral Order.  See ECF Docket Entries 40, 41, and 41-1.  The Individual Defendants asserted in the Motion that "they were never properly served,"  citing to Rule 60 both generally *and* to Rule 60(b)(1), specifically.  See ECF Docket Entry 41.

On December 1, 2023, this Court referred this motion to Judge Bloom, who then set a conference on December 20, 2023.  See Text Only Orders dated December 1, 2023 and December 4, 2023.  At the conference, Judge Bloom stated that the Motion was untimely because Rule 60(b)(1) requires an application under same to be made within a year of the January 31, 2022 default judgment.  See Kataev Decl. ¶ 3, Ex. A.  The Individual Defendants stated at the conference that they submitted they were never properly served and that Rule 60(b)(4) does not have any such time limitation.  Id.  Notwithstanding, Judge Bloom held that the Motion would not be liberally construed and that no support was given for a Rule 60(b)(4) motion in any event.  Id.

For the reasons set forth below, the Individual Defendants respectfully submit that Judge Bloom's R&R must be set aside.

## STANDARD OF REVIEW

"A district court may designate a magistrate judge to 'hear and determine any pretrial matter pending before the court....'" See 28 U.S.C. § 636(b)(1)(A).

A party may serve and file objections within fourteen (14) days.  See Carling v. Peters, 760 F. Supp. 2d 400 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 72(a)).[4]  A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." See 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. Id.; see also United States v. Romano, No. 15-992-CR, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citation omitted).

Whether clear error review or *de novo* review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear. While the Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge, see Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b)...."), the Second Circuit has also stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument, see Moss v. Colvin, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (*per curiam*) ("[W]e are skeptical that clear error review would be appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise ... arguments [on that point] [was] to reiterate them'") (third and fourth alterations in original) (quoting Watson v. Geithner, No. 11-CV-9527, 2013 WL 5441748, at *2 (S.D.N.Y.

---

[4] Judge Bloom entered the R&R at issue here on December 20, 2023, and this motion is made on January 10, 2024, as the Individual Defendants filed a consent letter motion for extension of time to file and serve objections on January 3, 2024.  See ECF Docket Entry 45.  While this motion remains *sub judice*, the Individual Defendants respectfully submit that the objections are timely.

Sept. 27, 2013) (citing 28 U.S.C. § 636(b)(1)); see also Joseph v. Korn, No. 19-CV-7147, 2021 WL 912163, at *1 (E.D.N.Y. Mar. 9, 2021) ("Although '[o]bjections that reiterate arguments considered and rejected by the magistrate are reviewed for clear error,' in an abundance of caution, this [c]ourt reviews [the] [p]laintiff's arguments *de novo*." (quoting Cruz v. Colvin, No. 13-CV-1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014)).

The Individual Defendants' motion to vacate was potentially, and came to be, a dispositive motion.  As such, this Court should make a *de novo* determination.  See SLC Turnberry, Ltd. v. The Am. Golfer, Inc., 240 F.R.D. 50, 52 (D. Conn. 2007) ("As defendants' Motion to Vacate was a potentially dispositive motion referred to the Magistrate Judge for a recommended ruling, this Court makes a de novo determination of those portions of the Recommended Ruling to which plaintiffs have filed an objection").

For the reasons set forth below, the Order must be set aside the R&R.

## ARGUMENT

### POINT ONE

### THE STANDARD TO VACATE A DEFAULT JUDGMENT

Because default judgments are "'the most severe sanction which the court may apply,'" the Second Circuit has cautioned "time and again that a trial court's desire to move its calendar should not overcome its duty to do justice." See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (quoting SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975)).

Instead, the Second Circuit has stated a "strong preference for resolving disputes on the merits." See Johnson v. N.Y. Univ., 800 Fed. Appx. 18, 20 (2d Cir. 2020) (citation omitted); see also Badian v. BrandAid Communs. Corp., 2004 U.S. Dist. LEXIS 17404, 2004 WL 1933573, *2 (S.D.N.Y. Aug. 30, 2004) ("The Second Circuit has made clear its preference that 'litigation

disputes be resolved on the merits, not by default.'") (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Neumade Prods. Corp. v. Smith, 2001 U.S. Dist. LEXIS 7291, 2001 WL 619341, at *1 (S.D.N.Y. June 5, 2001) ("As we have previously stated, this Court has a preference for resolving litigation disputes on the merits and not by default . . . . [even where] defendants' conduct has been egregious").

Under Rule 60, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  See Fed. R. Civ. P. 60(c).

Notably, the one-year rule does not apply to Rule 60(b)(4), which authorizes a court to relieve a party from a final judgment if "the judgment is void," meaning it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).

The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." Id. at 276.   Rule 60(b)(4) applies "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271.

As the Second Circuit has explained, under Rule 60(b)(4), a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." See Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006).

Critically, "a default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law." See Voice Tele Servs., Inc. v. Zee Telecoms Ltd., 338 F.R.D. 200, 202 (S.D.N.Y. 2021).

"This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process." See William Gottlieb Mgmt. Co v. Carlin, No. 20-CIV.-8907, 2022 WL 17822578, at *2 (S.D.N.Y. Dec. 20, 2022), appeal dismissed, No. 23-74 (2d Cir. Mar. 9, 2023).

Unlike the other provisions of Rule 60(b), courts have "no judicial discretion when considering a jurisdictional question such as the sufficiency of process." See Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375-76 (S.D.N.Y. 1998); see also Sartor v. Toussaint, 70 Fed. Appx. 11, 13 (2d Cir. 2002) (summary order); accord Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005).  "Plaintiff has the burden of demonstrating that service was proper." See Lin v. Grand Sichuan 74 St. Inc., No. 15-CV-2950 (RA), 2022 WL 195605, at *4 (S.D.N.Y. Jan. 21, 2022).

"A motion to vacate a default judgment is addressed to the sound discretion of the district court." See Melo-Cordero v. Shaddai Transport LLC, 2023 WL 5016346, at *2 (S.D.N.Y., 2023) (citing Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983)).

In determining whether to vacate a default judgment, the Court considers whether the default was willful, whether the movant has a meritorious defense, and whether the vacatur of the default would prejudice the party who obtained the judgment. Id. (citing Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984); see also Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted").

"While none of these factors is alone dispositive, the Court should consider and weigh all three." Id. (citing Gunnells v. Teutul, 469 F. Supp. 3d 100, 103 (S.D.N.Y. 2020)).

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over [a] defendant," … "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." See Lin v. Grand Sichuan 74 St. Inc., 2022 WL 195605, at *5 (S.D.N.Y., 2022) ("Because the Court finds that adequate service of process was never established as to Guang Jun Li and Cheng Chen, the default judgments against them are void, and the Court sets them aside pursuant to Rule 60(b)(4)") (citing NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC, No. 20-CIV.-7075 (JPO), 2021 WL 3173173, at *2 (S.D.N.Y. July 26, 2021); see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., No. 17-CIV.-5553 (LGS), 2020 WL 7093592, at *3 (S.D.N.Y. Dec. 4, 2020) ("A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective"); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d

114, 132 (2d Cir. 2011) ("A default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law"); China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash, No. 96 CIV. 9553 (PKL), 1999 WL 126921, at *8 (S.D.N.Y. Mar. 9, 1999) ("When a default judgment is "set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under [Rule] … 60(b)(6)").

Because entry of a default judgment is "the most severe sanction which the court may apply," "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); see also Crawford v. Nails on 7th by Jenny Inc., 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020) ("[W]hen doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party, so as to ensure that actions will be resolved on the merits").  As set forth below, the default judgment must be vacated.

## POINT TWO

### THE DEFAULT JUDGMENT MUST BE VACATED AS THE INDIVIDUAL DEFENDANTS WERE NEVER PROPERLY SERVED

The default judgment must be vacated pursuant to Rule 60(b)(4) against the Individual Defendants because they were never properly served and this Court has no personal jurisdiction over them.  In this case, Plaintiff submitted affidavits of service for all three (3) Individual Defendants indicating that one Leoy Doe or John Doe was a person of suitable age and discretion to deliver the summons and complaint to them.  In the first set of affidavits of service, there is no indication that Leoy Doe has any relationship to the restaurant nor with the Individual Defendants. In the second set of affidavits of service, there is an indication that John Doe is a co-worker or employee of the Defendants.  However, there is no indication as to whether John Doe knew the Individual Defendants, let alone worked with them.

Courts routinely find that service is improper in such circumstances.  See Luxottica Group S.p.A. v. Wafa Ali Inc., No. 19-CIV.-6582-FPG, 2023 WL 6377332, at *3 (W.D.N.Y. Sept. 29, 2023) ("However, the Court concludes that Plaintiffs' affidavit of service is insufficient to prove service under Section 308(2). The server, Douglas Thompson, avers that he "personally deliver[ed] and [left] the [papers] with *CARMELO GIMELI, Co-Worker,* a person of suitable age and discretion at that address, the actual place of [Saleh's] business." … *But Thompson fails to explain how he came to the conclusion that Gimeli was Saleh's "co-worker"—he simply identifies Gimeli as such.* Because Thompson did not state the basis for his belief, *his affidavit is insufficient to show proper delivery of the papers*") (emphasis added) (citing O'Hara v. Cohen-Sanchez, No. 22-CV-6209, 2023 WL 5979176, at *4 (E.D.N.Y. Aug. 28, 2023) (collecting cases); Wing Chan v. Xifu Food, Inc., No. 18-CV-5445, 2020 WL 5027861, at *2 (E.D.N.Y. Aug. 5, 2020)); see also Assets Recovery 23, LLC v. Gasper, No. 15-CV-5049, 2018 WL 5849763, at *6 (E.D.N.Y. Sept. 11, 2018) ("New York law requires strict compliance with both the personal delivery and mailing requirements of CPLR § 308(2)")).

Further, there has been no demonstration that the restaurant is the actual place of business for the Individual Defendants.  "New York courts have construed actual place of business to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by [the defendant] with that place of business."  See Logan v. World Luxury Cars, Inc., No. 1:15-CIV.-248 (ENV) (PK), 2023 WL 156878, at *2 (E.D.N.Y. Jan. 11, 2023).

The affidavits of service here do not indicate that the restaurant is an actual place of business for any of the Individual Defendants.

Moreover, Mr. Ishakov's declaration provides that while he owned the restaurant for a period of time, he was not regularly there, does not know the person with whom service was purportedly left, and never received notice of the lawsuit until after his and his wife's bank account was restrained.  Notably, Mr. Ishakov never hired, fired, set the wages, nor the schedule of the Plaintiff or any other employees at the restaurant.

As a result, service on the Individual Defendants was improper.

Plaintiff may argue that because Mr. Ishakov is an owner of the restaurant, and that the remaining Individual Defendants are alleged to have a relationship to the restaurant, service of process was proper by leaving the summons and complaint with an authorized individual at the restaurant.  However, this is wrong on two grounds.

First, in <u>Raschel v. Rish</u>, the New York Court of Appeals rejected the argument that both a hospital and doctor were properly served when the process server left a copy of the complaint with a hospital administrator who could have conceivably acted as a representative to both defendants. <u>See</u> 69 N.Y.2d 694, 697 (1986). It clarified that "[w]hen the requirements for service of process have not been met, it is irrelevant that [the] defendant may have actually received the documents." <u>Id.</u>

Second, there is no evidence in the record to indicate that Leoy Doe and John Doe could have acted as a representative for the Individual Defendants.

Critically, when a default judgment is "set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under Rules 60(b)(1) and 60(b)(6)." <u>See</u> <u>China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash</u>, No. 96-CIV.-9553 (PKL), 1999 WL 126921, at *8 (S.D.N.Y. Mar. 9, 1999).

Notwithstanding, the Individual Defendants meet the standard for vacating the default judgment on these grounds in any event.

First, the default was not willful, as the Individual Defendants deny receiving the summons and complaint.

Second, the Individual Defendants have a meritorious defense, in that Mr. Ishakov submitted a declaration denying that he hired, fired, set the wages or the schedules of Plaintiff or any other employees, and therefore, he was not Plaintiff's employer.

Third, there is no prejudice to Plaintiff, as he has not received any funds from the default judgment and interest will continue to accrue on any judgment he thereafter obtains on the merits.

Accordingly, the default judgment against the Individual Defendants must be vacated upon *de novo* review.

## POINT THREE

## COURTS HAVE DISCRETION TO CONSTRUE MOTIONS BY ATTORNEYS

Judge Bloom denied the Motion on the grounds that it was filed under Rule 60(b)(1) and the one year deadline to move to vacate under that subsection had passed.

At the December 20, 2023 conference, the Individual Defendants argued that they asserted service was improper and Rule 60(b)(4), which has no such time limit, permits them the relief they seek, which Plaintiff consented to.  Judge Bloom rejected this argument because she does not construe lawyers' pleadings liberally.

However, courts routinely do so, and in light of Plaintiff's consent and the Individual Defendants' representation that they were not properly served, Judge Bloom abused her discretion in denying the Motion.  See Giurca v. Montefiore Health System, Inc., No. No. 18-CIV.-11505 (ER) (BCM), 2023 WL 9102694, at *7 (S.D.N.Y. Dec. 21, 2023) ("Plaintiff initially sought 'leave

to file' another vacatur motion. … However, when I directed plaintiff to refile his letter-motion and its exhibits 'in proper order,' I also advised the parties that 'in light of the degree of detail already presented' and 'the repetitive nature of plaintiff's vacatur motions,' *the Court would 'construe the June 21, 2023 letter-motion as plaintiff's motion for vacatur pursuant to Rule 60(b)(6) and (d)(3).'* …") (emphasis added); see also Adv. Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04-CIV-3531 (LTS) (SLC), 2023 WL 7167880, at *1 (S.D.N.Y. Oct. 31, 2023), objections overruled, 2023 WL 8112804 (S.D.N.Y. Nov. 21, 2023) ("While the Motion does not cite to Rule 60 …, the Court construes the Motion as having been brought under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)"); Kew v. Town of Northfield, VT, No. 5:19-CV-78, 2023 WL 6050389, at *2 (D. Vt. July 10, 2023) ("Therefore, the court will excuse Ms. Kew's 'mis-citation' of Rule 59(e) and construe it as a motion under Rule 54(b)"); JLM Couture, Inc. v. Gutman, No. 20 CV 10575-LTS-SLC, 2023 WL 3061924, at *1 (S.D.N.Y. Apr. 24, 2023) ("Because Ms. Gutman requests that the Court reconsider an interlocutory decision in this case, namely, its decision awarding attorneys' fees to JLM in connection with its prosecution of the contempt motion, the Court construes the motion as one brought pursuant to Local Civil Rule 6.3 …"); In re First Connecticut Consulting Group, Inc., No. 02-50852 (JJT), 2023 WL 2752489, at *2 (Bankr. D. Conn. Mar. 31, 2023) ("As explained further below, the Licatas make arguments in their Motion that *implicate* both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. The Court will therefore construe the Motion as a hybrid motion for dismissal and for summary judgment") (emphasis added).  In light of the overwhelming authority that courts construe motions liberally even when the parties involved are not *pro se*, it was both error and an abuse of discretion for Judge Bloom to refuse to construe the Motion as one seeking vacatur of the default judgment under Rule 60(b)(4).

The Individual Defendants also respectfully submit that Judge Bloom's R&R was made on the presupposition that the parties engaged in some "under-the-table" dealings based on Plaintiff's prior counsel's suspension from the practice of law.  See, e.g., Text Only Order dated December 7, 2021 ("Plaintiff's original counsel of record, Michael Faillace, has been suspended from the practice of law in this District"); see also Kataev Decl. ¶ 3, Ex. A at 8:10-9:9.

As discussed at the conference before Judge Bloom, this notion was entirely speculative and should not have been a basis to deny the Motion.  In any event, evidence of the parties' correspondence dispels this notion.  See Kataev Decl. ¶ 4, Ex. B.

### POINT FOUR

### PARTIES MAY STIPULATE TO VACATE DEFAULT JUDGMENTS

Judge Bloom also denied the Motion on the grounds that parties may not vacate a judgment by stipulation.

However, this is belied by the fact that courts have previously so-Ordered stipulations similar to the one presented with the Motion in this case.  See LaBoy v. Off. Equip. & Supply Corp., No. 15-CIV.-3321 (RA) (AJP), 2017 WL 6501878 (S.D.N.Y. Apr. 10, 2017) (so-Ordering stipulation between parties, *inter alia*, vacating default judgment, restoring case to calendar, accepting service, providing deadline to answer, and releasing funds); see also Wanamaker v. Natl. Data Research, Inc., No. 12-CIV.-154A, 2013 WL 7208644, at *1 (W.D.N.Y. Oct. 30, 2013), report and recommendation adopted, No. 12-CV-154-A, 2014 WL 585434 (W.D.N.Y. Feb. 13, 2014) ("Upon the parties' stipulation, this Default Judgment was vacated on May 31, 2013").

Accordingly, because courts have previously so-Ordered stipulations vacating default judgments, Judge Bloom erred in denying the Motion.

**CONCLUSION**

Based upon the foregoing, the Individual Defendants respectfully request that this Court:
(i) set aside Judge Bloom's R&R; (ii) vacate the default judgment as to the Individual Defendants;
(iii) vacate and lift all restraining notices issued against the Individual Defendants; (iv) stay all
judgment enforcement efforts against the Individual Defendants; and (v) for such other and further
relief as this honorable Court deems just, equitable, and proper.

The Individual Defendants thank this honorable Court for its time and attention to this case.

Dated:  Lake Success, New York
      January 10, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s   Emanuel Kataev, Esq._____*
Emanuel Kataev, Esq.
David Aminov, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com
daminov@mllaborlaw.com

*Attorneys for Defendants*
*Sasha Ishaqov,*
*Yuri Ishaqov, and*
*Vlady Djouraev*

<u>**VIA ECF**</u>
CSM LEGAL, P.C.
<u>Attn</u>: Jesse Barton and Mary Bianco, Esqs.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
(212) 317-1200 (office)
(212) 317-1200 (facsimile)
jbarton@csm-legal.com
mary@csm-legal.com

*Attorneys for Plaintiff*
*Hitler Calle*

17